Filed 8/8/22  P. v. Stepney CA4/1
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered publish ed for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CAMERON JORON STEPNEY, Defendant and Appellant. | D075171 (Super. Ct. No. FWV1600164) |
| THE PEOPLE, Plaintiff and Respondent, v. MICHAEL BRYSON RASHAD JOHNSON, Defendant and Appellant. | D075454 (Super. Ct. No. FWV1600164) |

CONSOLIDATED APPEALS from judgments of the Superior Court of San Bernardino, Ingrid A. Uhler, Judge.  Reversed and remanded with instructions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant Cameron J. Stepney.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant Michael B.R. Johnson.

Xavier Becerra and Rob Bonta, Attorneys General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Arlene Sevidal, James M. Toohey and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent in D075171.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, A. Natasha Cortina, Warren J. Williams and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent in D075454.

I

INTRODUCTION

Cameron Joron Stepney and Michael Bryson Rashad Johnson were each found guilty of two counts of second degree robbery. In a prior appeal, we vacated the defendants' sentences and remanded the matter for resentencing to allow the trial court to exercise its discretion to strike or dismiss firearm enhancements attached to each count pursuant to Penal Code section 12022.53, subdivision (b).[1] (*People v. Johnson* (July 20, 2018, D073713) [nonpub. opn.].) At Stepney's resentencing, the court struck one enhancement. At Johnson's resentencing, the court declined to strike any enhancement.

---

[1] Further undesignated statutory references are to the Penal Code unless otherwise noted.

2

The defendants appeal. They argue they are entitled to resentencing due to recent legislative amendments to the sentencing laws. Alternatively, they argue resentencing is warranted because the trial court misunderstood the scope of its discretion to impose a lesser uncharged firearm enhancement under section 12022.5 after striking or dismissing a greater charged firearm enhancement under section 12022.53, subdivision (b).

We conclude the defendants are entitled to resentencing in light of the recent changes to the sentencing laws. Therefore, we reverse the judgments and remand the matter for resentencing proceedings only.

## II

## BACKGROUND[2]

On January 13, 2016, Stepney and Johnson entered a pharmacy in Fontana, California, along with a third man, Kwame Michion Simmons. Stepney and Johnson were armed with handguns. They demanded that the pharmacist and a technician lie on the floor and proceeded to take various prescription drugs, including Xanax and the opioid Norco. After leaving the pharmacy, they were spotted by police and ultimately arrested.

Following a trial, the defendants were convicted of two counts each of second degree robbery. (§ 211.) The jury found, as to each count, that they personally used firearms in the commission of each offense. (§ 12022.53, subd. (b).) The jury also convicted Johnson of assault with a deadly weapon,

---

[2] Several of the facts set forth herein are derived from this court's opinion in *Johnson, supra*, D073713.

3

other than a firearm, against a peace officer (§ 245, subd. (c)), and reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a)).[3]

The trial court sentenced Stepney to a determinate term of 17 years 4 months in prison, consisting of the middle term of 3 years for the first robbery conviction, 10 years for the corresponding firearm enhancement, 1 year for the second robbery conviction (one-third the middle term of 3 years), and 3 years 4 months for the second firearm enhancement (one-third the 10-year term). The court sentenced Johnson to a determinate term of 20 years 8 months in prison, consisting of the upper term of 5 years for the first robbery conviction, 10 years for the corresponding firearm enhancement, 1 year for the second robbery conviction (one-third the middle term of 3 years), 3 years 4 months for the second firearm enhancement (one-third the 10-year term), and 1 year 4 months for the assault conviction (one-third the middle term of 4 years). It also sentenced Johnson to a concurrent 2-year term (the middle term) for the evading conviction.

While the defendants' direct appeals were pending, legislation went into effect amending former section 12022.53, subdivision (h) to grant courts discretion to strike or dismiss section 12022.53 enhancements in the interests

---

[3]     Section 12022.53 "sets out 'sentence enhancements for personal use or discharge of a firearm in the commission' of specified felonies." (*People v. Tirado* (2022) 12 Cal.5th 688, 694–695 (*Tirado*).) "Section 12022.53, subdivision (a) lists the felonies to which the section applies. Section 12022.53(b) mandates the imposition of a 10-year enhancement for personal *use* of a firearm in the commission of one of those felonies; section 12022.53(c) mandates the imposition of a 20-year enhancement for personal and intentional *discharge* of a firearm; and section 12022.53(d) provides for a 25 years-to-life enhancement for personal and intentional discharge of a firearm *causing great bodily injury or death* to a person other than an accomplice." (*Id.* at p. 695.)

of justice under section 1385.[4] (Stats. 2017, ch. 682, § 2.) Therefore, we vacated the defendants' sentences and remanded the matter to allow the trial court to exercise its new discretion under section 12022.53, subdivision (h) to strike or dismiss the defendants' firearm enhancements. On remand, the trial court held separate resentencing hearings for each defendant.

At Stepney's resentencing, the court accepted Stepney's statement of remorse and acknowledged his positive record in prison. However, the court opined that his crimes were extremely serious and violent. Therefore, it restructured Stepney's sentence to reduce the overall determinate term by a modest amount—one year four months. It imposed the upper term of 5 years for the first robbery conviction (rather than the previously-imposed middle term of 3 years), retained the corresponding 10-year firearm enhancement, imposed the same 1-year term for the second robbery conviction (one-third the middle term of 3 years), and struck the second firearm enhancement. Stepney's total prison term following resentencing was 16 years.

At Johnson's resentencing, the court was also somewhat impressed by his progress in prison. Therefore, it chose to run the sentence for Johnson's assault conviction concurrently, rather than consecutively. Still, the court noted his offenses were "extremely, extremely serious and violent." On this basis, the court declined to strike Johnson's firearm enhancements. It reimposed the upper term of 5 years for the first robbery conviction, 10 years

---

4    At the time the defendants were sentenced, section 12022.53, subdivision (h) prohibited a court from striking or dismissing a section 12022.53 enhancement. (Former § 12022.53, subd. (h) ["Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section"].) As amended, section 12022.53, subdivision (h) now provides in relevant part as follows: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."

for the corresponding firearm enhancement, 1 year for the second robbery conviction (one-third the middle term of 3 years), and 3 years 4 months for the second firearm enhancement (one-third the 10-year term). It ran his four-year sentence for the assault conviction and the two-year sentence for the evading conviction concurrently. Johnson's total prison term following resentencing was 19 years 4 months.

After resentencing, the defendants appealed. They argued the matter should be remanded for another resentencing hearing because the trial court was unaware it had discretion to impose lesser uncharged enhancements under section 12022.5 after striking or dismissing greater charged enhancements under section 12022.53, subdivision (b).[5] They relied principally on *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*) to support their argument. In *Morrison*, the Court of Appeal concluded a court has discretion to impose a lesser uncharged enhancement under section 12022.53, subdivisions (b) or (c) after striking a greater charged enhancement under section 12022.53, subdivision (d), if such an outcome is in in the interests of justice under section 1385. (*Morrison,* at p. 223.)

Relying on the Court of Appeal's decision in *People v. Tirado* (2019) 38 Cal.App.5th 637, revd. (2022) 12 Cal.5th 688, the People urged this court to affirm the judgments. In *Tirado*, the court concluded a court does not have discretion to impose a lesser uncharged enhancement under section 12022.53, subdivisions (b) or (c) after striking or dismissing a greater charged enhancement under section 12022.53, subdivision (d). It reasoned

---

[5]    Section 12022.5 provides, in relevant part, that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." (§ 12022.5, subd. (a).)

section 12022.53, subdivision (h) only permits a court to "strike" or "dismiss" a section 12022.53 enhancement. (*Tirado,* at p. 643.) According to the court, "[t]his language indicates the court's power pursuant to these sections is binary: The court can choose to dismiss a charge or enhancement in the interest of justice, or it can choose to take no action." (*Ibid.*)

Ultimately, we modified the judgment against Stepney to correct for an error in his custody credit calculation, but in all other respects affirmed the judgments. In doing so, we followed the Court of Appeal's *Tirado* decision and determined that, under the relevant statutes, a trial court has the authority to strike or dismiss a section 12022.53 enhancement, or the punishment therefor, but not to substitute a lesser included enhancement. The Supreme Court then granted review of the defendants' case.

While the defendants' case was pending review, the Supreme Court issued *Tirado, supra,* 12 Cal.5th 688, which reversed the Court of Appeal's *Tirado* decision. It determined there is no categorical bar to the imposition of a lesser section 12022.53 enhancement, "so long as the prosecution has charged the greater enhancement and the facts supporting imposition of the lesser enhancement have been alleged and found true." (*Tirado,* at p. 697.) Further, it concluded section 12022.53 itself does not preclude a court from imposing a lesser enhancement under section 12022.53, subdivision (b) or (c), after it strikes or dismisses a section 12022.53, subdivision (d) enhancement. (*Id.* at p. 700.) In short, "the statutory framework permits a court to strike [a] section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Id.* at p. 692.)

After the Supreme Court issued *Tirado*, it transferred the defendants' case back to this court with directions that we vacate our prior decision and reconsider the cause in light of *Tirado*. Following the transfer, the

7

defendants filed supplemental opening briefs and the People filed supplemental responding briefs.

III

DISCUSSION

1

*Resentencing Is Warranted to Account for Changes to the Sentencing Laws Effectuated by Senate Bill No. 567*

At the time the trial court resentenced Stepney and Johnson, the applicable sentencing laws granted the court broad discretion to impose the upper term, the middle term, or the lower term for the defendants' robbery convictions—whichever term "best serve[d] the interests of justice." (Former § 1170, subd. (b).) When making this selection, the court could consider circumstances in aggravation, circumstances in mitigation, or any other factor reasonably related to sentencing, all of which could "be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Former Cal. Rules of Court, rule 4.420(d).) Acting under this grant of discretion, the trial court imposed the upper term of 5 years for both of the defendants' first robbery convictions.

When the court imposed the upper term on Stepney, it cited the following circumstances in aggravation: (1) the crime involved a threat of great bodily harm or a high degree of cruelty, viciousness, and callousness; (2) the manner in which the crime was carried out indicated planning, sophistication, and professionalism; and (3) the crime involved an attempted taking of great monetary value. (Cal. Rules of Court, rule 4.421, subd. (a)(1), (8), & (9).) The court found there were no circumstances in mitigation.

When the court imposed the upper term on Johnson, it identified the following circumstances in aggravation: (1) the crime involved a threat of

8

great bodily harm; (2) the manner in which the crime was carried out indicated planning; (3) the items taken had "some" monetary value; (4) Johnson had "very serious" prior adult convictions; (5) Johnson served prior prison terms; and (6) Johnson was on probation when the crime was committed.[6]  (See Cal. Rules of Court, rule 4.421, subd. (a)(1), (8), & (9); *id.*, subd. (b)(2), (3), & (4).)  The court found there were no circumstances in mitigation.

While the defendants' appeals were pending, "the Governor signed Senate Bill No. 567 (Stats. 2021, ch. 731), which made significant changes to section 1170 and became effective on January 1, 2022.  Pursuant to Senate Bill No. 567, section 1170, subdivision (b) has been amended to make the middle term the presumptive sentence for a term of imprisonment; a court now must impose the middle term for any offense that provides for a sentencing triad unless 'there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' "  (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464 (*Lopez*).)  There is a limited exception to this general rule, which allows a "court [to] consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)

In their supplemental opening briefs, the defendants argue Senate Bill No. 567 applies retroactively to their cases, which were not final when the law went into effect.  They argue they are entitled to resentencing under the

---

[6]    The court articulated the circumstances in aggravation at Johnson's initial sentencing hearing. It did not restate the circumstances in aggravation at the subsequent resentencing hearing.

9

new law because the trial court imposed the upper term for their first robbery convictions based on various circumstances in aggravation, yet the facts underlying the circumstances in aggravation were not stipulated to by the defendants or found true beyond a reasonable doubt by a jury.

We agree with the defendants, and the People concede, that Senate Bill No. 567 is an ameliorative change to the criminal law applicable to any case that was not reduced to a final judgment as of the law's effective date. (See, e.g., *People v. Zabelle* (2022) 80 Cal.App.5th 1098 (*Zabelle*); *People v. Jones* (2022) 79 Cal.App.5th 37, 45 (*Jones*); *Lopez, supra,* 78 Cal.App.5th at p. 465.) Because the defendants' cases were not reduced to final judgments when Senate Bill No. 567 went into effect, the new law applies to them.

We also agree with the defendants that the trial court's imposition of the upper term—while proper at the time of the initial resentencing proceedings—runs afoul of Senate Bill No. 567. For both defendants, the court relied on circumstances in aggravation other than the defendants' prior convictions to impose the upper terms, yet the facts underlying all of those circumstances were not stipulated to by the defendants or found true beyond a reasonable doubt by a jury. Under the recent amendments to our sentencing laws, this is no longer permissible. (§ 1170, subd. (b)(1) & (2).)

Next, we must decide whether the error was prejudicial, thus requiring reversal of the judgments and remand for new resentencing proceedings. (*Lopez, supra,* 78 Cal.App.5th at p. 465 [where a sentencing factor must be found true by a jury beyond a reasonable doubt and the court fails to submit that factor to the jury, the court's erroneous reliance on the sentencing factor is subject to harmless error review].) We believe the error was prejudicial.

The People contend the error was harmless with respect to Johnson (but not Stepney) because the jury surely would have found the facts

10

underlying each of the circumstances in aggravation to be true beyond a reasonable doubt if those facts had been presented to the jury. We disagree.

Because the law in effect at the time of Johnson's sentencing "did not require the prosecution to present evidence directly related to the aggravating factors at trial, the evidence in the record does not permit us to assess whether a jury would have found these factors true beyond a reasonable doubt. Further, [Johnson] would have had no reason to present evidence that might have contradicted evidence supporting truth of the facts underlying the aggravating factors relied on by the trial court. As a result, we cannot say that as to every factor 'the evidence supporting that factor is overwhelming and uncontested, and there is no "evidence that could rationally lead to a contrary finding." [Citation.]' [Citation.] It would be entirely speculative for us to presume, based on a record that does not directly address the aggravating factors, what a jury would have found true in connection with these factors. We therefore cannot affirm [Johnson's] sentence on this basis." (*Lopez, supra*, 78 Cal.App.5th at p. 466; see *People v. Wandrey* (2022) 80 Cal.App.5th 962, 983 [remanding for resentencing in light of Senate Bill No. 567, reasoning that "[s]ome degree of speculation would necessarily be required for us to conclude the jury would have agreed with the trial court's evaluation" of the facts] (*Wandrey*).)

Next, the People claim the error was harmless because the trial court relied, in part, on the defendants' criminal histories when it imposed the upper terms for the first robbery convictions. As noted, a court may consider a defendant's prior convictions based on a certified record of conviction, without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3).)

As an initial matter, the People's harmless error argument fails with respect to Stepney because there is no indication in the record that the court

relied on his prior convictions to impose the upper term for the first robbery conviction. To be sure, the court noted Stepney's prior convictions at points during the sentencing hearing and stated they were a "concern." However, the court did not reference Stepney's prior convictions when it listed the aggravating circumstances justifying the imposition of the upper term. Thus, as a factual matter, we reject the People's argument that the court relied on Stepney's prior convictions when imposing the upper term.

The People's argument fails for another reason that applies to both defendants. Even if the trial court had relied on a permissible factor when imposing the upper terms—i.e., even if it had relied on both of the defendants' prior convictions—the relevant question "in this situation is not whether the trial court could have relied on the single aggravating factor of [defendants'] recidivism to impose the upper term sentence; unquestionably the trial court may still rely on any single permissible aggravating factor to select an upper term sentence under the newly-revised triad system." (*Lopez, supra*, 78 Cal.App.5th at p. 467.) Instead, the pertinent question is "whether we can be assured that the trial court *would have exercised its discretion to impose the upper term* based on a single permissible aggravating factor, or even two or three permissible aggravating factors, related to the [defendants'] prior convictions, when the court originally relied on both permissible and impermissible factors in selecting the upper term." (*Ibid*.; see *Wandrey, supra*, 80 Cal.App.5th at p. 983; accord *Zabelle, supra*, 80 Cal.App.5th at p. 1113.)

The record does not clearly indicate the court would have imposed the upper terms based solely on permissible aggravating factors. For both defendants, the court listed several circumstances in aggravation unrelated to the defendants' criminal histories. It did not give any particular weight to

any specific circumstance in aggravation. Further, it "offered no indication that it would have selected an upper term sentence even if only a single aggravating factor or some subset of permissible factors were present." (*Lopez, supra,* 78 Cal.App.5th at p. 468; see *Zabelle, supra,* 80 Cal.App.5th at p. 1115 [resentencing warranted because the Court of Appeal was "not convinced the trial court would have found [the permissible] circumstances alone sufficient to warrant imposition of the upper term sentence"].)

"Because we cannot conclude that the trial court would have selected an upper term sentence based on a single permissible aggravating factor or on some constellation of permissible aggravating factors, we conclude that remand is required to allow the trial court the opportunity to exercise its discretion to make its sentencing choice in light of the recent amendments to section 1170." (*Lopez, supra,* 78 Cal.App.5th at p. 468; see *Zabelle, supra,* 80 Cal.App.5th at p. 1115 [remanding for resentencing proceedings in light of Legislature's enactment of Senate Bill No. 567]; *Wandrey, supra,* 80 Cal.App.5th at p. 984 [same]; *Jones, supra,* 79 Cal.App.5th at p. 46 [same].)

"On remand, the People may elect to proceed under the requirements of the newly-amended version of section 1170, subdivision (b), which would permit the People to prove the existence of aggravating factors beyond a reasonable doubt to a jury, unless the defendant[s] waive[] the right to a jury and agree[] to have the factors decided by the court beyond a reasonable doubt; alternatively, the People may accept resentencing on the record as it stands." (*Lopez, supra,* 78 Cal.App.5th at p. 468.)

2

*The Parties' Remaining Arguments Can Be Assessed on Remand*

As noted, the defendants make several additional arguments in support of their contention that they are entitled to a new resentencing proceeding.

13

They argue resentencing is warranted because the trial court did not understand that it had discretion to strike the section 12022.53, subdivision (b) enhancements and impose lesser enhancements under section 12022.5 in their place. The People respond that the court correctly understood the scope of its discretion because a court has no authority to strike an enhancement under section 12022.53 and then impose a lesser enhancement under a different statute (here, section 12022.5).

Additionally, the defendants argue resentencing is required in light of the Legislature's enactment of Senate Bill No. 81, "which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) The People argue Senate Bill No. 81 does not apply to the defendants' cases because the defendants were sentenced prior to the effective date of the legislation.

We do not address the merits of these arguments, as it is unnecessary for us to do so to resolve the appeal. (See *Hall v. Rite Aid Corp.* (2014) 226 Cal.App.4th 278, 297 [there is a "general rule against resolving issues unnecessary to the disposition of [an] appeal"].) Neither argument was presented to the trial court in the first instance. Further, we are reversing the judgments and remanding the matter for new resentencing proceedings in light of Senate Bill No. 567. The parties can present their sentencing-related arguments to the trial court on remand.

Similarly, Stepney requests that we order an amendment to his abstract of judgment on grounds that the trial court miscalculated his postsentence custody credits. Given that we are remanding the matter for new resentencing proceedings, it is unnecessary for us to address Stepney's

14

argument.  On remand, the trial court shall correctly recalculate both of the defendants' postsentence custody credits.

IV

DISPOSITION

The judgments are reversed and the matters are remanded for resentencing purposes only.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

AARON, J.

15